O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL O. BULLOCK,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CONNIE GIPSON, WARDEN,<br><br>　　　　Respondent. | NO. CV 14-00122-CJC (MAN)<br><br>ORDER: DISMISSING PETITION AS SECOND OR SUCCESSIVE; AND DENYING A CERTIFICATE OF APPEALABILITY |

　　On December 20, 2013, Petitioner filed a habeas petition, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Eastern District of California ("Petition"). On January 2, 2014, the Eastern District transferred the Petition to this District, in which it was filed on January 7, 2014. The Petition seeks federal habeas relief with respect to Petitioner's Los Angeles Superior Court conviction and sentence in 2000 (Case No. GA039918) (the "State Conviction").

　　Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

# BACKGROUND

On September 6, 2002, Petitioner filed a Section 2254 habeas petition in this district in Case No. CV 02-6979-CJC (RC) (the "First Action").[1] The First Action challenged Petitioner's State Conviction and raised nine habeas claims, including claims alleging that: the evidence at trial was insufficient to support the conviction; the admission of hearsay testimony violated Petitioner's confrontation rights; the prosecutor committed misconduct during argument and defense counsel was ineffective for failing to object; the admission of gang evidence, gang expert testimony, and opinion testimony by a detective violated Petitioner's due process, fair trial, and confrontation rights; a bailiff's conduct and the lack of a jury instruction violated Petitioner's right to trial by jury; and two jury instructions violated Petitioner's due process and fair trial rights. (First Amended Petition in First Action at 6-7c.) On September 7, 2004, the First Action petition was denied on its merits and dismissed with prejudice. Petitioner appealed. On October 6, 2005, the Ninth Circuit denied Petitioner's request for a certificate of appealability (Case No. 04-56810).

This action is Petitioner's second attempt to obtain Section 2254 habeas relief in connection with his 2000 State Conviction. The format of the instant Petition is confusing and defective, but it appears that Petitioner intends to assert two claims based on the purported recantation by a prosecution witness of his trial testimony.[2]

A review of the Ninth Circuit's dockets reveals that Petitioner has not filed an application

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the records and files from Petitioner's prior action in this district and in the United States Court of Appeals for the Ninth Circuit.

[2] The Petition was not prepared utilizing any of the standard Section 2254 petition forms required to be used in this or other district courts in California and does not follow the format of any such standard forms, in violation of Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts, and is missing critical information relevant to exhaustion and timeliness issues. The Petition is neither signed nor verified, in violation of Rule 2(c)(5). In addition, although the Petition refers to various allegedly attached exhibits, including an affidavit by the recanting witness, no such exhibits are appended to the Petition.

in the Ninth Circuit seeking leave to raise his present claims through a second or successive Section 2254 petition.[3]

## DISCUSSION

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must *first* obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

By the First Action, Petitioner sought Section 2254 relief based on the same State Conviction at issue here, and his earlier habeas petition was resolved adversely to him. Accordingly, the current Petition is second or successive within the meaning of Section 2244(b).

---

[3] Petitioner has filed only one Ninth Circuit action other than his attempted appeal of the judgment in the First Action (Case No. 04-56810). On February 4, 2010, Petitioner filed a petition seeking a writ of mandamus directed to the state court, and on April 15, 2010, the Ninth Circuit dismissed the petition for lack of jurisdiction (Case No. 10-80018).

Whether or not the claims alleged in the Petition may, as a *prima facie* matter, satisfy the requisites of 28 U.S.C. § 2244(b)(2) is a question that must be presented to and resolved by the Ninth Circuit, not this District Court. Petitioner, however, has not sought or obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claims alleged in the instant Petition. This Court thus lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also* Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).[4] Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: January 9, 2014.

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

[4] Given the unsigned and incomplete nature of the instant Petition, the Court declines to transfer it to the Ninth Circuit pursuant to 28 U.S.C. § 1631 and/or Ninth Circuit Rule 22-3(a). Rather, Petitioner should submit to the Ninth Circuit (as well as serve on Respondent) a *signed* and *complete* application for leave to file a second or successive Section 2254 petition in compliance with Ninth Circuit Rule 22-3.